```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| EDWARD GOODMAN, | : | **CIVIL NO. 1:10-CV-1794** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| JOHN KERESTES, SUPERINTENDENT, SCI-MAHANOY; PENNSYLVANIA BOARD OF PROBATION AND PAROLE; ATTORNEY GENERAL, STATE OF PENNSYLVANIA, | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

This is a 28 U.S.C. § 2254 habeas petition. The petitioner is Edward Goodman. He is a state prisoner. He was convicted in Philadelphia County of third degree murder. He was sentenced in 1981 to a term of imprisonment of no less than 30 years and no more than 100 years. He has had three applications for parole denied since, on August 8, 2008, he became eligible for parole. The second parole denial occurred on April 28, 2009. The second parole denial is the subject of this habeas corpus petition.

The petitioner petitioned for a review of the April 28, 2009 Board's Decision denying his second application for parole to the Commonwealth Court of Pennsylvania. The court sustained the

Board's preliminary objections to the petition for review and dismissed the petition. The petitioner appealed the Order of the Commonwealth Court to the Supreme Court of Pennsylvania. The Supreme Court of Pennsylvania affirmed the Commonwealth Court's dismissal of the petition.

The petitioner's grounds for asserting that he is in custody in violation of his federally protected rights are that the second denial of parole violated his right to due process of the law and violated his right not to be imprisoned on the basis of an ex post facto application of an enacted law.

The 28 U.S.C. § 2254 petition was filed on August 26, 2010. After a filing fee was paid on October 5, 2010, we ordered a response. On November 1, 2010, we granted an extension until December 2, 2010 for a response. A response (Doc. 14) was filed on December 2, 2010.

The respondents contend that the subject matter of the petition is moot because, the petitioner's latest denial of parole (the third denial) now having occurred, the validity of the second denial is no longer an issue affecting the legality of the petitioner's custody. The respondents contend that the petitioner's due process challenge to his continuing custody does

not have merit. The respondents contend that the petitioner's ex post facto challenge to his continuing custody does not have merit.

**The Mootness Issue**.

A habeas corpus petition is moot accordingly is not justiciable when an order granting the relief sought by the petition will not affect the custody status of the petitioner. [CITES].

The respondents argue here that this petition is moot because , after the Board action denying parole that is the subject of this petition, the petitioner's subsequent application for parole was denied. We do not agree with the respondents that in the circumstances of this case these facts resulted in a mooted habeas corpus petition. The later parole denial did not deny parole on any grounds or for any reason materially different from this parole denial. The petitioner has not exhausted state court remedies as to the most recent (October 18, 2010) unfavorable Notice of Board Decision (Doc. 14-2, page 84), but since the reasons for denial are essentially unchanged and since the Commonwealth Court of Pennsylvania and the Supreme Court of Pennsylvania have denied the appeals of the petitioner as to the earlier unfavorable board decisions, and since the petitioner

3

raises no grounds now that were not raised before, exhaustion would be futile.  The respondents did not specifically raise failure to exhaust as to this petition, but we consider their mootness argument to be in essence an argument based upon a failure to exhaust.  The petitioner's essential claim of constitutional entitlement to release on parole is not moot, and it is only the Board's penultimate iteration of its rejection of parole for the petitioner that is arguably moot.  The argument for application of the principle of mootness here rests upon grounds that do no reasonably support an application of that doctrine here, and that argument should be rejected.

**Due Process**.

There is not a constitutional right or an inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.  *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7 (1979).  A state may create a liberty interest.  *Sandin v. Conner,* 515 U.S. 472, 483-84.  The petitioner here does not assert that Pennsylvania has created a liberty interest in parole or in parole for one in his particular circumstance.  He is basing his argument on federal law.  Under Pennsylvania law, the Board of Probation and Parole is not required to grant a parole under any particular set of conditions or circumstances.  Under Pennsylvania law, the Board

4

has discretion to grant or to deny parole. 61 Pa. C.S. §§ 6132, 6137. In that there is not a liberty interest in being paroled that is established for Pennsylvania prisoners under Pennsylvania law, a Pennsylvania prisoner does not have a right to procedural due process arising under the United States Constitution in the matter of an application by the state prisoner to be considered for parole. *See Sandin v. Conner, supra*, and cases cited therein. Moreover, since parole involves a transition to a less restrictive and less punitive conditional liberty from a state prison confinement, the case to be made for the existence of a right to procedural due process is less compelling than is the case where a greater degree of liberty stands to be taken away based upon an accusation of a misconduct by the person such as in *Morrissey v. Brewer*, 408 U.S. 471 (1972), involving parole revocation. Accordingly, the petitioner was not denied a constitutionally compelled right to procedural due process when his parole applications were denied.

We should also consider whether the petitioner was denied substantive due process. The question to be considered is whether the petitioner has been denied parole on the basis of grounds or reasons that are not constitutionally permitted, such as on the basis of race, religion, sex, political beliefs or another

5

impermissible characteristic or classification. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972).

The factors that the Board is directed to consider include the nature and circumstances of the offense committed, the general character and background of the inmate, the conduct of the person while in prison, the physical, mental and behavioral condition and history of the inmate, and the inmates complete criminal record. 61 Pa. C.S. §6135. The reasons listed for the April 28, 2009 parole denial were Mr. Goodman's "miminalization of the offense(s) committed", his "refusal to accept responsibility for the offense(s) committed", his "lack of remorse for the offense(s) committed" and the "negative recommendation made by the prosecuting attorney". (Doc. 14-2, page 18).

The respondents assert that the reasons stated are within the range of factors that the Board is under law directed to consider. The Board's statement of its reasons does not contain references aligning any particular reason that it has stated with any of the particular factor(s) it is required to use. The Board does not cite any of the factual grounds for its reasons, either. All that the record shows us is that Goodman was convicted of third degree murder in 1978 and was sentenced to a term of 30-100 years. Even though the Board's correlation of its stated reasons

6

to the statutory factors is not shown by the Board in its Notice of Board Decision, and although the Board's factual basis for its findings is also not stated, the Board can not be seen to have violated the substantive due process rights of the petitioner because the Board has stated some basis for the challenged decision and because that basis on its face is not arbitrary, capricious or a constitutionally impermissible basis such as race, sex, religion or national origin. *Block v. Potter*, 631 F.2d 233 (3d Cir. 1980).

**Ex Post Facto Claim**.

The Response to the Petition (Doc. 14) correctly cites and discusses applicable decisions in the Third Circuit involving ex post facto issues relating to the 1996 amendments to the Pennsylvania Parole Act. The respondents argue that here, as in *Burkholder v. Wolfe*, 2007 WL 90427 (M.D. Pa. 2007), the changes in Pennsylvania's parole law did not create a real risk of an increase in the measure of the petitioner's punishment. They assert that the petitioner has not shown that he was disadvantaged by the changes in Pennsylvania law. We agree with these arguments of the respondents.

The petitioner has not shown either that on a general level Pennsylvanian parole eligible prisoner applicants have been

granted parole significantly less often under newer parole laws or that he in particular has been disadvantaged under the newer parole laws.

He asserts that the newer laws have generally emphasized interests in public safety over interests in prisoner rehabilitation. But he does not state any more particular claim of disadvantage as to him in particular under the newer laws.

The petition does not show that he is in custody in violation of his federally protected rights, which is the showing that a person in custody must make to be entitled to habeas corpus relief under 28 U.S.C. § 2254.

**Recommendation**.

It is recommended that the petition be denied, and that no certification of appealibilty be made.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: January 7, 2011.

8